East'n District.
May, 1829.

WEIMPRENDER
vs.
FLEMING.

---

## BAUDIN vs. ROLIFF & AL.

In a sale under execution, if the terms be that as soon as the buyer pays, the title will pass; he must pay before he acquires it.

APPEAL from the court of the third district, the judge of said district presiding.

PORTER, J. delivered the opinion of the court. This cause has been already before the court, and was remanded to have the question of alleged fraud in the conveyance to the defendants tried by a jury. The whole case has been submitted to them, and a verdict has been given for the plaintiff, from the judgment rendered in conformity therewith.

A full statement of the case will be found in the former opinion, rendered by this tribunal, a report of which is given in the first volume of

the new series of *Martin's Reports*, 165. It East'n. District.
May. 1829.

BAUDIN
*vs.*
ROLIFF
& AL. is sufficient for the understanding of the decision now about to be pronounced, to state:

That the suit is one for land, and that the plaintiff claims a title to the premises in dispute in virtue of a purchase, made by him from one Alston, who bought at a sale made under an execution issued at the suit of the present plaintiff, and one Conway, against a certain Oliver Pollock, their debtor. The defendants contend, that by the terms of the adjudication, as well as the general principles of law in matters of this kind, no title ever passed to Alston, and that consequently none could be acquired by the petitioner under him.

The sale took place under the Spanish government. The adjudication is in the following words "no bidder having appeared except the said Don P. Lewis Alston, he is considered, as he is, the lawful owner of said land and plantation of one thousand arpents, that did belong to Don Oliver Pollock, as he is the last and better bidder, for the sum of $5360, in virtue of which, I have signed this, with the two assisting witnesses, appraisers, and their witnesses, *as soon as he pays the said sum of $5360.*"

East'n. District.
May, 1829.

BAUDIN
*vs.*
ROLIFF
& AL.

Two questions are presented under this adjudication.

*First,* whether any title passed to Alston, until he paid the purchase money? and

*Secondly,* whether it has been so paid?

We think there can be no doubt but the condition was that which our law denominates suspensive, depending on a future event. The purchaser is declared to be the lawful owner of the land, *as soon as he pays the money bid ;* he is, therefore, not the owner, *until the money be paid.*

But it is contended, though the money was not actually paid, yet this was a question entirely between the plaintiff in execution and the purchaser, and that, if the former thought proper to release or discharge the latter, or take any thing else in lieu of the money, the debtor cannot complain, and the title is not less vested in the buyer. This position we consider true, provided no act between the plaintiff and the bidder deprives the defendant of the benefit of the sale made of his property. But to this doctrine, there are obviously the exceptions which grow out of purchases made on certain conditions and stipulations: For, if the parties choose to make a particular agreement on this,

or on any other subject, their contract is the law which governs *them*, unless the agreement be void, as contravening some principle of public policy.

East'n. District.
May, 1829.

BAUDIN
*vs.*
ROLIFE
& AL.

The plaintiff in the present action, together with one Conway, were the persons at whose suit the property now in dispute was sold in execution, and purchased by Alston. Pollock, the owner of the land, owed the petitioner a balance of a large judgment which the latter had recovered against him several years before, and was also indebted to Conway, who, as his surety in that suit, had paid Baudin a considerable sum of money, in discharge of the debt due by Pollock. They joined in a petition to the Spanish tribunals for a sale of the land; and as Conway was still surety for Pollock, it of course followed, that whatever money could be made from the sale of the defendant's property was to be first applied to the satisfaction of the judgment in favor of Baudin. The balance, if any, was to be paid to Conway, the surety.

Years elapsed after the sale without the money being paid by Alston, the purchaser, or any steps being taken by Baudin or Conway to enforce the payment. In the year 1814, Bau-

BAUDIN
*vs.*
ROLIFF
& AL.

din commenced an action against the heirs of
Alston, requiring them to be put in possession
of the land on their paying the sum of $5360,
the purchase money, or that in default of their
making said payment, the land should be
sold to pay and satisfy the debt due to the
petitioner, In the petition, he states the sum,
yet due to him by Pollock, to be $8800, with
interest and costs. To this demand the de-
fendants appeared and answered, and, after
considerable litigation, the cause terminated
in April, 1817, by a judgment, which decreed
that the plaintiff should recover of the defend-
ants the sum of $5350, to be paid, however,
as the judgment states, "by the defendants to
the petitioner, by the sale of the right, title and
interest of the said defendants to the said tract
(the land purchased by their ancestor) which
is hereby ordered to take place in due form of
law; and it is further ordered, that if, at the sale
hereby directed, the said land shall not sell
for the above mentioned sum, the said de-
fendants shall not be liable to pay to the peti-
tioner any further sum than the proceeds of the
sale to be made of the said tract of land, and
that they be forever released from any further
liability to the said petitioner on account of the

demand made in his petition. This decree is not to affect the rights of any other party or parties, than those above named; and it is further ordered, that the costs of the suit be paid from the proceeds of the sale above ordered."

East'n. District.
May, 1829.

BAUDIN
*vs.*
ROLIFF
& AL.

Under this judgment, an execution issued, the land mentioned in it which is that now sued for, was seized, sold, and bought by the plaintiff, for the sum of $4490.

Whether the judgment was entered up by consent, or was rendered by the court on considerations of the equity, as well as law of the case, does not appear, nor is it very material to enquire. The plaintiff by not appealing from it, and by carrying it into execution, is as much bound by it, as if it had been preceded by his assent.

The effect of it, it is contended, was to discharge the purchaser; that the plaintiff had a right to do so in any manner he chose: that the title vested in Alston, by satisfaction being made in this way as completely as it would have done by the payment of the purchase money.

This is true: but Baudin could not discharge the defendant in execution for a larger sum than was due to him. By the original sale,

BAUDIN
*vs.*
ROLIFF
& AL.

Alston had purchased the premises for $5360, which money was to go, first, to the satisfaction of the balance due on the judgment to Baudin, and the remainder, if any, to be paid to Conway.

Now, if the whole amount for which the land was sold to Alston was not due to Baudin, then, he could not discharge the purchaser for the whole, and if Alston did not pay the whole amount, or was not released for the whole, no title vested in him; for, by the express terms of his purchase, he is not the owner, until he pays the entire amount, viz: $5360.

Conway was no party to the proceedings. He could not be bound by them, and a judgment by which Alston's heirs were to be discharged by the sale of the land cannot affect him. They yet owe to him the balance due between the amount coming to Baudin, and that at which their ancestor purchased, unless they have some other cause to shew against the debt, than that proceeding from the judgment, rendered between Baudin and them

The plaintiff, by his own shewing only, establishes the amount due to him at that time, to be $4300. The defendants insist it does not exceed $2468. It is immaterial what we adopt, though we may remark that we have

East'n. District.
*May*, 1829.

BAUDIN
*vs.*
ROLIFF
& AL.

been unable to find any evidence or record that will carry the balance as high as the plaintiff states it. Either will bring us to the same result, for neither amounts to the purchase money which Alston was to pay. It has been argued that the $4300 due Baudin, with the costs of the suit, against Alston's heirs, which were directed to be paid out of the sale of the land, amounted to $4490, the price at which he purchased it. Admitting this to be true, $4490 were not the price at which the land was originally sold, but $5360, and the payment of this sum, or a discharge from those entitled to receive it, was necessary to give a title to Alston, for it was on that condition he purchased.

Lastly, it has been contended that no person can set up this defence but Conway, or his heirs; that the defendants cannot, who are entire strangers to the transaction. They are in possession of the land. The action is a petitory one. The plaintiff must shew title. That which he produces shews the title of Pollock never was vested in the party in whose right he claims. He, consequently produces nothing which could authorize the court to declare him to be the owner of the property sued for.

East'n. District.
*May*, 1829.

BAUDIN
*vs.*
ROLIFF
& AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, that there be judgment for the defendants as in case of nonsuit, with costs in both courts.

*Moreau* & *Watts* for the plaintiff—*Preston* for the defendants.